**Billy Paul BIRDWELL, II, Petitioner—Appellant,**

v.

**Ernest ROE, Warden of CSP–LAC, Respondent—Appellee.**

No. 02–56787.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided April 14, 2004.

Billy Paul Birdwell, II, Soledad, CA, pro se.

Phillip I. Bronson, Esq., Encino, CA, for Petitioner–Appellant.

Andrew D. Amerson, Esq., Kyle Brodie, Los Angeles, CA, for Respondent–Appellee.

Before: B. FLETCHER, PREGERSON, and FERGUSON, Circuit Judges.

## MEMORANDUM *

Billy Paul Birdwell appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his conviction for murder entered in Ventura County (California) Superior Court. Birdwell contends that the California court violated his Due Process rights under the Fifth Amendment by excluding, on hearsay grounds, testimony about recent acts of abuse by Birdwell's stepfather toward his mother and sister. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. Because the parties are familiar with the facts and procedural history, they are not recited here except as necessary to explain our analysis. For the reasons set forth below, we affirm the district court's decision.

Denial of a § 2254 habeas petition is reviewed de novo. *Killian v. Poole*, 282 F.3d 1204, 1207 (9th Cir.2002). Birdwell's petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–32, 110 Stat. 1214 (1996); consequently, the standards of review outlined in the AEDPA amendments to § 2254 apply. Under those amendments, a petitioner must demonstrate that the state court's adjudication of the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

With regard to the question at issue in this appeal, the California Court of Appeal based its decision on *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), which held that constitutional errors do not require automatic reversal of a conviction if the reviewing court determines that the error was harmless beyond a reasonable doubt. We must first review that harmless error analysis because it was on that ground that the state court decided the relevant portion of Birdwell's appeal. *See Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (holding that "the only

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

question that matters" under § 2254 is whether the state court decision "is contrary to, or involved an unreasonable application" of clearly established federal law).

In choosing to apply *Chapman*, the California Court of Appeal selected the correct legal rule. However, a state court decision may still be an "unreasonable application" of clearly established Supreme Court precedent where the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 407–08, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The state court application of the governing legal rule must be "objectively unreasonable" and not merely erroneous to merit habeas relief. *Andrade*, 538 U.S. at 75, 123 S.Ct. 1166. Therefore, the question before us is whether the state court was "objectively unreasonable" in its determination that, beyond a reasonable doubt, any error in excluding the testimony was harmless.

In this case, the harmless error evaluation turns on whether the excluded evidence was merely cumulative. *See Del. v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (holding that courts should consider the importance of evidence, its cumulative nature, presence or absence of corroboration or contradiction, extent of cross-examination, and strength of the prosecution's case in evaluating whether the exclusion of such evidence was harmless error). As far as the evidence may have tended to establish that the victim was a violent man, the evidence was most certainly cumulative. The more difficult question is whether the evidence was cumulative as support for Birdwell's claim that he committed the murder in the heat of passion.

On the topic of "Sudden Quarrel or Heat of Passion and Provocation Explained,"

CALJIC 8.42 (4th ed. Supp.1987), in effect at the time of trial, states:

> If there was provocation, but ... sufficient time elapsed between the provocation and the fatal blow for passion to subside and reason to return, and if an unlawful killing of a human being followed such provocation and had all the elements of murder ... the mere fact of ... remote provocation will not reduce the offense to manslaughter.

Most of the victim's acts of violence about which Birdwell testified at trial had happened several years before the killing, and the jury undoubtably found that a sufficient cooling period had taken place with respect to those acts. In contrast, the conversation in which Birdwell learned of the victim's more recent abuse of Birdwell's mother and sister took place only five days before the killing.

Birdwell points to *People v. Borchers*, 50 Cal.2d 321, 325 P.2d 97 (1958), and *People v. Berry*, 18 Cal.3d 509, 134 Cal.Rptr. 415, 556 P.2d 777 (1976), in an attempt to establish that a jury could have found that his passion had not cooled over the course of five days and consequently could have found him guilty of manslaughter rather than murder. At best, however, these cases establish that, as a matter of California law, five days is not too long of a period for a person to maintain a state of "passion" sufficient for a finding of manslaughter. *Borchers* and *Berry* do not demonstrate that there is any real likelihood that the jury in Birdwell's case might have found that he was in such a sustained state at the time he killed his victim. The bare fact that five days passed between the provocation and the killing would be too much for most jurors. Additionally, there was some evidence at trial suggesting that Birdwell had in fact cooled off.

Because it is unlikely that the jury would have found that Birdwell was still in

a heat of passion resulting from what he learned in the conversation with his mother five days before the killing, evidence of the substance of that conversation would have been cumulative despite the fact that it was so much more recent than any other evidence of the victim's violent acts. The California Court of Appeal was not objectively unreasonable when it held that exclusion of that evidence was harmless error beyond a reasonable doubt. Consequently, we affirm the district court's denial of Birdwell's habeas petition.

AFFIRMED.